### ABY J. VAUGHAN v. JANE R. CUTRER et al.

1. CHANCERY COURT—BILL OF REVIEW.—A bill of review can only be brought upon error in law appearing on the face of the decree, without further examination of matters of fact; or upon some new matter which has been discovered after the decree, and could not possibly have been used when the decree was made.

2. SAME—LEAVE OF THE COURT.—If the bill is filed on the ground of new matter, discovered since the decree, it must be by special leave of the court, first obtained for that purpose.

3. SAME—SAME—AFFIDAVIT.—Leave of the court can not be obtained to file a bill of review without an affidavit that the new matter could not be produced or used by the party claiming the benefit of it, in the original cause. The affidavit must also state the nature of the other new matter in order that the court may judge of its relevancy and materiality. It must generally be new matter to prove what was before in issue, not to make a new case, but to establish the old one. No persons except the parties and their privies in representation, such as heirs, executors and administrators, can have a bill of review, and none but those aggrieved by the decree can maintain the bill. A bill of review is in the nature of error, and it can not be said that the appellant is aggrieved, when it appears that she obtained in the original decree all that was sought in the original bill.

Appeal from the chancery court of Pike county, Hon. E. G. PEYTON, JR., Chancellor.

The facts of the case sufficiently appear in the opinion of the court.

*Applewhite & Son,* for appellants:

Complainant filed her bill against defendants to set aside certain deeds of conveyance for fraud. Defendants filed several pleas in abatement. Jane R. Cutrer setting out in hers that she had sold the land in question to another party who was not made defendant in the suit.

The case being heard on the sufficiency of these pleas in law under sec. 1023 of Code, the Chancellor dismissed complainant's bill without giving leave to amend, and complainant appealed.

At the hearing defendants pleas were neither certified to by counsel nor sworn to as required. Sec. 596, Code.

Courts regard pleas in abatement unfavorably. Babcock, Gardner & Co. v. Scott & Robinson, 1 Howard, Miss. Rep., 101.

If a party interested is not made defendant, it is his privilege to come in as such and be made a party. Hyman v. Cameron, 46 Miss., 725.

*George L. Potter*, for appellees, filed an elaborate brief.

PEYTON, C. J., delivered the opinion of the court:

On a bill filed in the chancery court of Pike county, by Aby J. Vaughan, against W. C. Cutrer, to reform a deed of conveyance of certain lands therein specified, a decree was made on the 28th day of January, A. D. 1873, granting the relief sought by the bill, from which decree an appeal was taken by the defendant, to the supreme court. After the expiration of the term of the court at which said decree was rendered, the said Aby J. Vaughan filed in said court a supplemental bill, in the nature of a bill of review, against the defendant in said decree, and Jane R. Cutrer, B. F. Yarborough and Henry S. Crafton, setting up a combination by these defendants, to defraud the complainant out of the lands described in the original bill, and praying that said decree may be opened and reviewed, and so changed and modified as to cancel and set aside the several conveyances to these defendants, as mentioned and described in her bill of review, and that complainant be restored to her former title and possession of said lands. Upon final hearing, the court below dismissed the bill, and hence the cause comes here by an appeal.

The bill of review is founded upon new matter, alleged to have been discovered since the expiration of the term of the

court at which the decree sought to be reviewed, was rendered, and was filed without leave of the court, and without an affidavit, setting out the newly discovered matter.

. This case presents three questions, upon the solution of which, the cause is easily determined :

1. Can a bill of review, for newly discovered matter, be filed without leave of court ?

2. Is it necessary that an affidavit should accompany the bill, setting out the newly discovered matter ?

3. Can a bill of review make new parties defendant, who are not privies in representation ?

With respect to the first question, it is said in the books that a bill of review can only be brought upon error in law, appearing on the face of the decree, without further examination of matters of fact, or upon some new matter, which has been discovered after the decree, and could not possibly have been used when the decree was made. 2 Daniels Ch. Pr., 1576. If the bill is filed, as in this case, on the ground of new matter, discovered since the decree, it must be by the special leave of the court, first obtained for that purpose. 2 Daniels Ch. Pr., 1577 ; Story's Eq. Plead., 379, § 404.

In regard to the second question, as to the necessity of an affidavit, it is said that leave of the court will not be granted to file the bill without an affidavit that the new matter could not be produced or used by the party claiming the benefit of it in the original cause. The affidavit must also state the nature of the new matter, in order that the court may judge of its relevancy and materiality. It must generally be new matter, to prove what was before in issue, and not to prove a title not before in issue ; not to make a new case, but to establish the old one. Story on Equity Pleadings, 385, § 413.

And with reference to the last question, as to parties to a bill of review, it is laid down by Story that no persons except the parties and their privies in representation, such as heirs, executors and administrators, can have a bill of review;

and none but those aggrieved by the decree can maintain the bill. Story's Eq., Pl., 383, § 409.

In the case under consideration, it cannot be said that the appellant was aggrieved by the original decree, inasmuch as the prayer of her bill was granted, and she obtained all she sought by the bill, and a further objection to the bill of review is that it makes a new case, and does not seek to establish the old one. It appears to have been filed without the leave of the court, and without an affidavit of the new matter alleged to have been discovered since the rendition of the original decree, and makes new parties, who were neither connected with, nor in any way affected by the decree. For if it be true, as it is said, that a bill of review is in the nature of an error, the new parties not coming into the case as privies in representation of the original parties, can not be affected by any decree the court may make upon any new issues presented by the bill of review, and were therefore improperly made parties defendant.

For the reasons herein stated, we are of opinion that there is no error in dismissing the bill.

The decree must, therefore, be affirmed.