E. R. VANDERBURG *v.* W. W. CAMPBELL.

1. NEW TRIAL.  *Affidavit therefor.  Newly discovered evidence.  Practice.*
   An affidavit for a new trial on the ground of newly discovered evidence is insufficient if it fail to show that such evidence could not have been discovered by reasonable diligence before the trial.

2. SAME.  *Newly discovered evidence.  When cumulative.  Impeachment of witness.*
   A new trial will not be granted on the ground of newly discovered evidence if such evidence be cumulative merely ; or if it simply tend to impeach the testimony of one of several witnesses of the successful party.

3. SAME.  *Case in judgment.*
   V. brought ejectment against C.  The sole question in dispute was the location of a certain road in 1860, the boundary between them.  Several witnesses were introduced by each, whose testimony on this point conflicted.  The jury found for the plaintiff.  The defendant moved for a new trial on the ground of newly discovered evidence which tended to show exactly where the road was in 1860; also that B., one of the witnesses for the plaintiff, was unworthy of belief.  *Held,* that a new trial should not have been granted on either ground.

4. SAME.  *Judge's discretion.*
   The discretion of the circuit judge in granting a new trial must be governed by legal rules, rather than by his mere will or pleasure.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

Ellen R. Vanderburg brought this action of ejectment against Bettie Cunningham to recover possession of a certain piece of land in Warren County. W. W. Campbell, landlord of Bettie Cunningham, was admitted to defend. It appears that the lots of plaintiff and defendant adjoined a certain road known as the " Ridge Road," being the boundary line between them, the land of the former lying on the west side, and that of the latter on the east side thereof. On the trial the sole question in dispute was the location of this road, and whether the same had not been changed since the plaintiff's deed was made in 1860, whereby plaintiff lost the land in question. Much evidence as to the location of the road was introduced on this point by both sides, and among the witnesses was one Bowie, introduced on behalf of plaintiff. The jury found for the plaintiff, and the defendant moved for a new trial, because (1) the verdict was contrary to the evidence; (2) because of newly discovered material evidence, and other grounds set forth in the following affidavit : " Defendant makes oath that he can prove by the Rev. C. K. Marshall, Benjamin Dart, Joseph Green, W. V. McCray, and Charlie McCray that the Ridge Road mentioned in the pleadings and evidence in this cause was located where it now is or east of the present road, and east of the tract of land sued for by plaintiff; that said persons will testify to that fact, and were well acquainted with said locality and said road and the Jackson Road at said point for many years prior to 1860; that affiant did not know and had no information before the trial of this case that said persons were so acquainted with said matters and would so testify ; that he believes that he can have said persons before the court to testify as aforesaid, if a new trial of this case should be granted.

" Further, affiant says that he was surprised by the testimony of the witness, A. Bowie, the said Bowie having made to other persons material statements contrary to his testimony on the trial, and which statements so made on said trial affiant was not prepared to contradict, because of such previous statements.

"And, further, affiant says that he can prove that said A. Bowie, the principal witness for the plaintiff, is unworthy of belief, even upon oath, by the testimony of Charles Peirre, Dr. Granville Hicks, and Joseph Green, who will so testify; that affiant did not know, and was not informed of this fact, and that said persons would so testify, until after the trial of this cause." The court granted a new trial. On the second trial, the jury found for the defendant, and the plaintiff appealed.

*McCabe & Anderson*, for the appellant.

1. The first ground assigned for a new trial in first instance was that the verdict was contrary to the evidence. "To authorize the court to interfere on such ground the error must be clear, for every presumption must be indulged in favor of the verdict." *Peck* v. *Thompson*, 1 C. 367. "While there is a conflict in the evidence, one part sustaining the verdict, and the other against it, a new trial will not be granted unless the verdict be clearly wrong." *Garland* v. *Stewart*, 2 G. 314; *Gay* v. *Lemle*, 3 G. 309.

"The preponderance must be very clear against the verdict." *Harris* v. *Holiday*, 4 H. 338. "Where the mind cannot repose with entire certainty and confidence upon a conclusion in favor of either party, the verdict will not be disturbed." *Watson* v. *Dickens*, 12 S. & M. 608; *Kellog* v. *Budlong*, 7 H. 340. "A new trial will not be granted where the verdict is in accordance with the evidence, and there is no error of law complained of in the charges." 1 S. & M. 157; *Woods* v. *Gibbs*, 6 G. 559.

2. On an application for a new trial, the showing must satisfy the court that injustice has been done, and that requirement will not be met if the object of the new evidence be to contradict or impeach a witness, etc. *Cooper* v. *State*, 53 Miss. 393. The case at bar falls squarely within this rule. Here the distinct proposition and ground for a new trial were to impeach Bowie, the plaintiff's principal witness, as they are pleased to denominate him. If Bowie had been plaintiff's only witness, and not one merely brought in to corroborate others, there might have been some little show of reason in the proposition to impeach him; but as the case stood the proposition was idle. He was not our principal nor only witness.

Let us look at the law applicable to motions for new trials because of newly discovered evidence.

(1.) In the first place, applications for new trials on the ground of newly discovered evidence are received with great caution, for there are few cases in which something new may not be hunted up, and because it tends to produce perjury. *Cooper* v. *State*, 53 Miss. 393.

(2.) A new trial will not be granted for newly discovered evidence unless it appear that due diligence has been used to obtain it on the first trial. *Bledsoe* v. *Little*, 4, 13; *Hare* v. *Sproul*, 2 H. 772; *Wright* v. *Alexander*, 11 S. & M. 411; *Dean* v. *Young*, 13 S. & M. 118.

(3.) And the affidavit for the new trial must show the diligence. *Watson* v. *Dickens*, 12 S. & M. 608.

(4.) The evidence must not be cumulative merely, that is, specifically the same as other evidence adduced on the trial of the cause.

*Birchett & Gilland*, for the appellee.

1. The discretion lodged in a court in granting new trials has from the earliest times been respected, so much so, that, under the common law, it was not allowable to appeal therefrom, and the review of the action of the court in cases like this would not be permitted but for statutory enactments authorizing it. We claim that the supreme court will not, and should not, interfere with the exercise of this discretion by the circuit court in this matter, unless the record discloses a tyrannical exercise of power on its part, an unscrupulous disregard of the rights of parties, and that gross and palpable injustice has been done. That there was a wise and judicious exercise of this power in this case is evidenced by the almost instantaneous verdict of the second jury.

2. Counsel for appellant devotes considerable space to the second ground of appellee's motion for a new trial "because of newly discovered evidence." He applies himself to a lengthy discussion of elementary rules long since laid down by our courts. But the question is, do the rules and decisions invoked by him apply to this case, and, if so, has not appellee complied therewith? The appellee's motion, with the affidavits and showing made, fully

justified the exercise of the circuit judge's discretion, and that, too, without infringing on any elementary principle of law, and with due regard to the decisions of our own State.    The rule laid down in this State is, " that a party asking for a new trial on the ground of newly discovered evidence must *satisfy the court* that the evidence has come to his knowledge since the trial, and that it was not owing to want of diligence that it was not discovered sooner, and that it would probably produce a different result if a new trial was granted." *Hare* v. *Sproul*, 2 How. 772 ; *Rulon* v. *Lintol's Heirs*, 2 How. 891 ; *Garnett* v. *Kirkman*, 41 Miss. 94 ; *Kane* v. *Burrus*, 2 S. & M. 313.

The question of diligence in the matter is purely a question of fact for the determination of the circuit judge from all the facts presented.    The court had the right to place his estimate upon the truth of the allegations made by the defendant in his affidavit, and to pass upon the materiality of the testimony set forth in the affidavits of Dr. Marshall and others, and, after having tried the case, and knowing the bearing of their testimony, to consider and determine whether these facts would produce a different result on a rehearing of the case.

Appellant contends that the facts sought to be proved were only cumulative, but the court thought differently.

The testimony of Dr. Marshall and Legg, it is true, pointed to the main question in issue, the location of the " Ridge Road," but the court considered their opportunities of knowing the facts presented by them, as in Dr. Marshall's case, where he had been the agent of the property, and his attention had been particularly directed to its location and boundaries, and again the affidavit of Captain Searles, who had surveyed appellant's own property, and from such survey located the " Ridge Road " where it now is.

Where there was a conflict of testimony on these vital points after the trial of the case, and being familiar with the facts, the court, considering the opportunities of the witnesses for knowing these material facts, and judging of their materiality, did not consider the same cumulative, and, knowing the character of the witnesses and their standing in the community, thought their testi-

mony would produce a different result if a new trial were granted. The showing must satisfy the court that injustice has been done. *Cooper* v. *State*, 55 Miss. *supra.*

"An application for a new trial in a case of homicide, on the ground of newly discovered evidence, is addressed to the sound discretion of the court, and its action in refusing to grant the motion will not be reversed unless there has been an *abuse of discretion* which this court can see was injurious to the accused." *Gavigan* v. *State*, 55 Miss. 532.

*J. M. Gibson*, on the same side.

The power of granting new trials or setting aside the verdicts of juries is one incident to all courts of common-law jurisdiction, and is a matter of discretion, and one not originally assignable for error, and one which the appellate court will review and reverse upon only in cases where there is an abuse of the discretion.

The new evidence offered as an inducement in the affidavit of Campbell for a new trial was not cumulative at all, but material in the greatest degree, and I venture had the defendant known of this testimony, he would have had it, and the second trial would not then have happened, for defendant would have won it in the first instance.

The circuit judge who heard the witnesses testify, saw their manner, etc., can better judge whether a verdict is wrong than a court of appeals, who merely reviews the bill of exceptions prepared by counsel for appellants. The presumption of law is with his judgment. *Heard* v. *Baird*, 40 Miss. 793 ; *Winn* v. *Cole*, Walker Rep. 119 ; *McRewen* v. *McGuire*, 9 S. & M. 34 ; *Doe* v. *Pritchard*, 11 S. & M. 327 ; *Wolfe* v. *Dowell*, 1 S. & M. 103 ; *Cunningham* v. *Dean*, 4 George 46 ; *Nixon* v. *Potter*, 5 G. 697 ; *Jones* v. *Sherman*, 56 Miss. 559, 565 ; *Brown* v. *Carrawary*, 47 Miss. 668 ; *Dulaney* v. *Remkin*, 47 Miss. 391 ; *Warren* v. *Trustees*, 50 Miss. 223.

ARNOLD, J., delivered the opinion of the court.

No valid reason is shown for setting aside the verdict on the first trial. The affidavit for the new trial, in so far as it relates to

the newly discovered evidence in reference to the location of the road, is defective and insufficient, because it fails to show that the affiant had made any effort to discover the testimony which he alleged existed on that subject, or that it could not have been discovered and obtained by reasonable diligence at the first trial. *Watson* v. *Dickens,* 12 S. & M. 608 ; *Cooper* v. *The State,* 53 Miss. 393.

With no error of law, and with numerous witnesses on each side testifying directly to the only disputed fact in the case, the issue had been determined by the jury in favor of appellant, and she should not have been deprived of the fruits of the contest except for some cause recognized by law as sufficient for that purpose.

The discretion exercised in granting new trials is governed by legal rules rather than by the mere will or pleasure of the judge. Otherwise, the delays and uncertainties of litigation might be increased to an intolerable degree. 2 Graham and Waterman on New Trials 46, 47.

That appellee, the defendant below, was able to find other witnesses, who on a new trial would support the issue on his part, or who would contradict or impeach the credibility of a single witness of his adversary, was not more than could be done by almost every defeated litigant.

It has been often decided in this State and elsewhere that newly discovered testimony to impeach the character of a witness, or which is merely cumulative, does not afford ground for a new trial. *Moone* v. *Chicago, etc., R. R. Co.,* 59 Miss. 243; *Cooper* v. *The State,* 53 Ib. 393.

*The judgment is reversed, the last verdict set aside, the first verdict restored, and judgment entered thereon here, for appellant.*