REDMOND *v.* MARSHALL.

(Division B.  Nov. 23, 1931.)

[137 So. 733.  No. 29566.]

**Enochs & Enochs,** of Jackson, for appellant.

**A. J. Von Bloombergh,** of Jackson, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action in the circuit court of Hinds county against appellant to recover damages, upon the ground that appellant had raped her; the trial resulting in a verdict and judgment in favor of appellee in the sum of one thousand dollars. From that judgment appellant prosecutes this appeal.

Appellant assigns and argues three grounds for reversal of the judgment: (1) That he was entitled to a

directed verdict; (2) that the court erred in refusing an instruction requested by him; (3) that the court erred in overruling his motion for a new trial based upon the ground of newly discovered evidence. We will consider the assignments of error in the order stated.

1. Appellant admits that there was a conflict in the evidence on the issue as to whether he raped the appellee, but contends that he was entitled to a directed verdict, because the overwhelming weight of the evidence was against appellant on that issue. Appellant cites no authorities to sustain that position. But conceding, for the sake of the argument, that the legal principle contended for is sound, nevertheless there is no case here for its application, for as we view the evidence, its overwhelming weight was not with appellant. Appellee's contention that she was raped by appellant was supported by substantial evidence. The issue, therefore, was one for the jury, and not for the court.

2. The court refused appellant's instruction that the law presumed him to be innocent of raping appellee, and that before the jury could find a verdict against appellant, the evidence in behalf of appellee should be strong enough, in their opinion, to overcome not only the evidence offered by appellant, including all the facts and circumstances in the case, but also the presumption which the law raised, that appellant did not commit the rape. Appellant refers to no authorities to sustain his contention that in a case of this character he was entitled to have the jury instructed that under the law he was presumed to be innocent of the charge against him.

Conceding, but not deciding, that he was entitled to such an instruction, still the instruction requested by appellant is erroneous, because it informed the jury that the presumption of innocence went with appellant throughout the case, and stood as a witness in his behalf, notwithstanding all the facts and circumstances of the

case were in evidence before the jury. By the proposed instruction appellant sought to have the court tell the jury that they could not find a verdict for the appellee unless the evidence in her behalf should be strong enough to overcome all of appellant's evidence (quoting from the instruction), "including all the facts and circumstances in this case, and also the presumption which the law raises that the defendant did not commit the assault alleged in the declaration." In other words, appellant sought to have the court say to the jury that in order to justify a verdict for appellee, the evidence on her behalf must preponderate the evidence in behalf of appellant; and, in addition, it must dispel such presumption of innocence. When all the facts and circumstances were in evidence the presumption of innocence, if such presumption existed, disappeared; it yielded to the evidence. N. O. & G. N. R. Co. v. Walden (Miss.), 133 So. 241.

The court committed no error in overruling the motion for a new trial on the ground of newly discovered evidence, first, because appellant, in his testimony on the motion for a new trial, admitted that he had not used proper diligence to discover the new evidence; second, the newly discovered evidence, in all substantial respects, was merely cumulative and impeaching of evidence already introduced in the case. A party asking for a new trial on the ground of newly discovered evidence must satisfy the court that the evidence had come to his knowledge since the trial, and that it was not owing to a want of diligence on his part that it was not discovered sooner; and he must go further, and show that the new evidence would probably produce a different result if a new trial were granted. Hare v. Sproul, 2 How. 772; Rulon v. Lintol, 2 How. 891; Garnett v. Kirkman, 41 Miss. 94; Bledsoe v. Little, 4 How. 13; Wright v. Alexander, 11 Smedes & M. 411: Dean v. Young, 13 Smedes & M. 118.

Newly discovered evidence which is merely cumulative, or which simply tends to impeach one or more witnesses, is not ground for a new trial; and evidence of the same kind as that already given, to the same point, is cumulative, and not merely corroborative. Vanderburg v. Campbell, 64 Miss. 89, 8 So. 206; L. & N. R. Co. v. Crayton, 69 Miss. 152, 12 So. 271; Moore v. R. Co., 59 Miss. 243; Ennis v. R. Co., 118 Miss. 509, 79 So. 73.

Affirmed.