WILLIAMS *et al. v.* WILLIAMS.

(Division A.   June 15, 1936.)

[169 So. 27.   No. 32249.]

Hathorn & Williams, of Poplarville, for appellants.

254

Parker & Shivers and J. M. Morse, all of Poplarville,
for appellee.

Argued orally by **J. M. Morse** and **H. H. Parker**, for appellee.

**Cook, J.**, delivered the opinion of the court.

On October 10, 1930, Mrs. Trinity Tourne Williams, who was the second wife of R. J. Williams, deceased, and administrator of his estate, filed a claim against the estate consisting of three items, aggregating, with interest, the sum of eleven thousand two hundred five dollars and eighty cents. One item of this claim was a promissory note for five thousand five hundred dollars, signed by the said R. J. Williams, and payable to the claimant; and the claim was probated and allowed by the clerk. Thereafter, G. H. Williams, a son of R. J. Williams, deceased, by a former marriage, filed a contest to the claim on the ground, among others, that the said promissory note was not executed by the said R. J. Williams, but, if so, it had been paid, and that the estate of said R. J. Williams was not indebted to the claimant in any sum, and that an accounting between claimant and the said estate would disclose that the claimant was largely indebted to the estate.

The contest of the said claim was referred to a master, and after a full hearing before the master on extensive evidence offered by the claimant and the contestant, the master reported, as his finding, that the aforesaid promissory note for five thousand five hundred dollars was executed and delivered by the said R. J. Williams to the

claimant as evidence of money borrowed by him from her, and that this note, together with the other items of the claim, was a valid, outstanding, unpaid obligation of the estate. Thereafter, on May 16, 1932, the court entered a decree confirming the master's report and ordering the claim to be paid out of the estate of said deceased.

On May 15, 1934, the aforesaid G. H. Williams and his sister, Mrs. Nellie Koche, filed a bill seeking a review of the proceedings had on the contest of the aforesaid claim and the decree confirming the master's report thereon, on the ground of newly discovered evidence. This bill alleged, in substance, that at the time of the death of the said R. J. Williams, and for a number of years prior thereto, the said Mrs. Trinity Tourne Williams was an intimate and confidential companion of the said R. J. Williams; and that she occupied the confidential relationship of secretary to R. J. Williams and the Williams Yellow Pine Lumber Company, of which the said R. J. Williams was president, manager, and principal owner, and, consequently, was able to conceal from appellants the business affairs of the said Williams and the business transactions between him and appellee.

The bill further averred that after the death of R. J. Williams, the appellee continued to be secretary of the Williams Yellow Pine Lumber Company, and, as such, had full and complete possession and control of the books and records of the said R. J. Williams, deceased; that the first time the appellants had access to the said books and records was when the appellee was required, by order of the court, to permit them to inspect the books during the hearing of said contest of the claim against the estate; that appellants then employed a firm of public accountants and auditors, located in New Orleans, La., to examine said books; that these auditors made a hurried examination of said books, but on account of the number thereof and the limited time available, they were unable to complete this examination before

the conclusion of the hearing of the contest of said claim; that appellants insisted that more time be granted for such examination of the books, but appellee obtained a decree fixing a time limit for the introduction of the evidence in support of the contest; and that the master reported his finding, and the same was confirmed by the court, before the said auditors could and did complete their examination of the books.

The bill further averred that the master filed his report on March 28, 1932, and the same was confirmed by the court on May 16, 1932, and that the public auditors completed their examination of the books on August 25, 1932, and then reported to appellants that they had found, and would testify, that on December 30, 1925, the said R. J. Williams sold and transferred to appellee, who was then Miss Trinity Tourne, fifty shares of stock in the said Williams Yellow Pine Lumber Company for a consideration of five thousand dollars, to be paid by her by the assumption and payment of the amount of five thousand dollars on the then outstanding notes owing by said R. J. Williams, one of which was the said note of five thousand five hundred dollars, payable to the said Miss Trinity Tourne, which she had probated against the said estate of R. J. Williams, deceased, and which appellants had, by their contest, sought to have disallowed; and that the appellee had never paid the said purchase price of the fifty shares of stock.

The bill further averred that appellants did not discover and were not in a position to discover these facts until August 25, 1932, on account of the fact that they did not have possession of the books of the Williams Yellow Pine Lumber Company until the said contest was begun; that instead of disclosing these facts at the trial before the master, appellee fraudulently concealed the same, and permitted the report of the master to be made and confirmed without disclosing the true facts; and that as a result of the facts so disclosed by the said auditors' report, the appellants were entitled to a credit on said

probated claim for five thousand dollars, with interest from December 30, 1925.

The bill further charged that the facts discovered by said auditors on August 25, 1932, were and are evidence not known to or discovered by appellants until after the final decree entered by May 16, 1932, allowing the claim; that said newly discovered evidence would show that a fraud had been perpetrated on the appellants and on the master and the court, and that appellants were, therefore, entitled to have the court review all the proceedings on the contest of the claim, and that on such newly discovered evidence, the court should reduce the amount of the claim of appellee against the said estate to the extent of five thousand dollars, with interest from December 30, 1925.

The prayer of the bill was, in part, as follows: "The premises considered petitioners pray that an order be entered herein now by this Honorable Court ordering and directing the Clerk of this Court to issue a writ of review and summons directing and commanding the said Mrs. Trinity Tourne Williams to appear herein at the time and place named in said writ and as required by law, then and there to show cause, if any she has, why this bill of review should not be entertained and heard by the Court, and the relief granted as prayed for herein, and to plead, answer or demur to this bill of review, but not under oath, answer under oath being hereby expressly waived; and may it please the court upon a hearing of this bill of review to review all the proceedings herein heretofore had in the matters heretofore heard and adjudicated and herein asked to be reviewed, and to hear the newly discovered evidence as herein set forth, and upon such review and a due consideration of such newly discovered evidence, may it please the court to set aside the decree of the court entered herein on May 16th, 1932, confirming the aforesaid master's report disallowing the contest of these petitioners and allowing the aforesaid claims of said Mrs. Trinity Tourne Williams against the

Estate of the said R. J. Williams, deceased, and ordering the same paid, and also setting aside and vacating the aforesaid master's report; and decreeing herein that there shall be set off and charged against the said claims of the said Mrs. Trinity Tourne Williams the aforesaid amount of $5,000.00 with interest from December 30, 1925, at the rate of 6% per annum, and that said probated claims of said Mrs. Trinity Tourne Williams against said estate as now probated and heretofore allowed be reduced in amount by the said sum of $5,000.00 and interest aforesaid.''

The bill of complaint was sworn to by one of the attorneys representing the appellants in the filing thereof, and who represented the contestant in the original proceeding. This affidavit set forth that neither the appellants nor their attorneys knew, or by the exercise of reasonable diligence could have known, of the existence of the alleged newly discovered evidence prior to and at the time of the hearing of the contest of the claim.

Upon the filing of the bill, the court entered the following order directing the issuance of summons for the appellee: ''This cause coming on to be heard on the bill of review filed herein, where it is prayed that an order be issued directing the Clerk of the Chancery Court of Pearl River County to issue a writ of review and summons directing and commanding Mrs. Trinity Tourne Williams to appear herein as required by law and show cause, if any she has, why said bill of review should not be entertained and heard by this Court and the relief therein prayed for granted, and the court having read and considered said petition is of the opinion that the facts set forth therein are sufficient to require the issuance of the writ as prayed for. It is accordingly ordered, adjudged, and decreed that H. K. Rouse, Clerk of the Chancery Court of Pearl River County, be and he hereby is directed and commanded to issue a writ of review and summons instanter directed to the Sheriff of Pearl River County commanding him to summons Mrs. Trinity Tour-

ne Williams, if to be found in his county, to be and appear before the Chancery Court of Pearl River County at the courthouse of said County in the Town of Poplarville, Mississippi, on the 3rd Monday in May, 1934, then and there to plead, answer or demur to said bill of review and to show cause, if any she has, why said bill of review should not be entertained and heard by said court and the relief therein prayed for granted.''

On the return day of the summons for appellee, the matter was passed until October 29, 1934, at which time the bill of review was, by permission of the court, amended by adding thereto the affidavit of one of the appellants. The appellee then filed a motion to strike the purported bill of review on numerous grounds, the substance of those here deemed material being as follows:

(1) That the said bill of review was filed without leave of court first obtained, after notice to the appellee, and a hearing thereon.

(2) That insofar as the papers filed therein purported to be a petition to file a bill of review, they were wholly insufficient as such, in that they did not set out or show clearly and distinctly that the purported newly discovered evidence was relevant or material or that it was of such character and weight as would have probably produced a different result if it had been presented at the original hearing.

(3) That the bill shows that the purported newly discovered evidence was merely cumulative, and could serve no purpose except that of impeachment.

(4) That appellants did not set out in the bill the name of the witness or witnesses by whom they expected to prove the purported newly discovered facts, and did not set out in detail such facts so that the court could determine the admissibility, relevancy, or materiality thereof.

(5) That they did not file with the said bill the affidavits of the proposed witnesses setting out the new matter to which they would testify, and made no show-

ing that it was impossible or impracticable to file such affidavits.

(6) That the exact testimony of the proposed witnesses was not stated in full or in detail, nor was the alleged evidence shown to consist of, or be in the form of, book entries, and no copies of any book entries were filed therewith so that the court could determine the relevancy or materiality thereof; but, on the contrary, the averments of the newly discovered evidence were in general or vague terms as conclusions of the pleader.

(7) That the record of the former hearing of the contest of appellee's claim disclosed that appellants had before them at various times during the taking of the testimony on such contest, the books showing the entries concerning the transfer of stock mentioned in the bill; that they interrogated witnesses about this transfer of stock as shown by the books; that the master had such book entries before him; that appellants filed no motion or petition in said record asking for further time for the examination of such book; and that such record disclosed a lack of reasonable diligence on the part of appellants in discovering the evidence which they then sought to produce under the purported bill of review.

(8) That the purported bill of review and the record of the former hearing show that the facts sought to be then produced were not properly newly discovered evidence, and that they could have been discovered by appellants before the hearing of the contest by the exercise of reasonable diligence.

(9) That only one of the appellants, and one of the several attorneys who represented the contestant in the former hearing, had made affidavits that they did not know of the purported newly discovered evidence at the time of the hearing of the contest.

Upon the hearing of this motion to strike, the court entered a decree sustaining it, and finding that the purported bill of review did not sufficiently state in detail the evidence claimed to be newly discovered, and that

the proof in support of the bill, in connection with the record of the former hearing on the contest of said claim, did not show due diligence on the part of contestant in discovering the purported newly discovered facts on which the bill of review was sought to be filed, and that said purported bill of review was insufficient to authorize the court to set aside the master's report and decree thereon on account of the fraud set forth therein.

The bill filed by appellants is repeatedly denominated a bill of review in the caption and prayer thereof, in the decree entered thereon directing the issuance of the summons, and throughout the proceedings in the court below; and it is in form and substance strictly a bill of review based upon purported newly discovered evidence. If the bill be considered, as it appears to be, a bill of review, the motion to strike the same was properly sustained, for the reason that it was filed without leave of court first obtained for that purpose, after notice to the party made defendant thereto, to show cause why such leave should not be granted. It is the settled rule in this state that a bill of review based upon newly discovered evidence can be filed only upon leave of the court first obtained, and that such leave must be procured on a petition therefor, with notice to those who are proposed to be made parties defendant to the bill, to show cause why the petition should not be granted. Vaughan v. Cutrer, 49 Miss. 782; Brown v. Wesson, 114 Miss. 216, 231, 74 So. 831; Griffith Ch. Pr., sec. 636.

If, however, the bill in this cause should be treated as a petition for leave to file a bill of review, and the summons issued thereon as notice to the defendant to appear and show cause why such leave should not be granted, the motion to strike the same setting forth specific grounds of objection to granting leave to file the bill, was properly sustained for reasons hereinafter stated.

The record of the proceedings on the contest of appellee's claim discloses that the matter was referred to

a master on February 19, 1932, that the taking of testimony before the master was begun on March 14, 1932, and was continued from time to time until March 24, 1932, and that a decree confirming the master's report was not entered until May 16, 1932. This record further shows during all the time that testimony was being taken in the matter, appellants had access to the books of the deceased and the Williams Yellow Pine Lumber Company; and the petition or bill seeking a review of the original proceedings avers that, while testimony was being taken in that proceeding, the appellants employed public accountants to examine these books in reference to the particular items in controversy. The original record further discloses that the appellee and other witnesses were examined at length in reference to the fifty shares of stock transferred by the said R. J. Williams to appellee on December 30, 1925, and in reference to the book entries bearing thereon. As to this stock, the appellee testified that there was no agreement between her and R. J. Williams that such was to be paid for, but that the stock was a gift from him to her. The books showing the entries in reference to this stock were in the possession of the attorneys and were before the master during the period that testimony was being taken, and were subject to the inspection and examination of expert auditors for about sixty days before the final decree was entered confirming the master's report. While it would appear that the available time was more than ample for the purpose, the record does not show that during that entire period any request was made for an extension of time for these auditors to complete their examination of the books.

Assuming, but not deciding, that evidence procured by a further re-examination of corporate books and records under the stated circumstances, may be classed as newly discovered evidence, the record herein shows such lack of diligence in that regard as to justify or require a denial of leave to file a bill of review based upon such

evidence. The allowance of a bill of review for newly discovered evidence is within the sound discretion of the court to be exercised by legal rules, and leave to file such a bill will not be granted unless it is made to definitely appear that the failure to have such evidence available was due to no fault or lack of diligence on the part of the petitioner. Vanderburg v. Campbell, 64 Miss. 89, 8 So. 206; Griffith Ch. Pr., secs. 637, 640.

The application for leave to file the proposed bill was properly denied for the further reason that there was not filed with, or as an exhibit to, the petition, affidavits of the witnesses by whom it was proposed to prove the newly discovered facts, and there was no showing that it was impossible or impracticable to file such affidavits. Griffith Ch. Pra., sec. 637. The names of the proposed witnesses were not given, and the petition or bill merely averred, in a general way, that petitioners had been informed by certain auditors employed by them, who resided out of the jurisdiction of the court, that they had discovered from an examination of the books of R. J. Williams and the Williams Yellow Pine Lumber Company, and would testify, that the stock in question had been sold and transferred to appellee upon an understanding and agreement that she was to pay therefor by the assumption and payment of the amount of five thousand dollars on the then outstanding notes owing by the said R. J. Williams, one of which was the said note for five thousand five hundred dollars, payable to the appellee. This was wholly insufficient to warrant a granting of leave to file the bill to review the prior proceedings and vacate the decree previously entered.

As previously stated herein, the bill filed by appellants was in form and substance strictly a bill of review, or a petition for leave to file a bill of review, based upon purported newly discovered evidence, which, if it had been available on the previous hearing of the contest, would have merely created a conflict of evidence; and the bill is in no sense an original bill to set aside the

former decree on the ground of fraud in the procurement thereof. Consequently, the decree of the court below will be affirmed.

Affirmed.