CARR *et al. v.* STATE.

(In Banc. Dec. 8, 1941. Suggestion of Error Overruled Jan. 26, 1942.)

[4 So. (2d) 887. No. 34746.]

C. O. Jaap, Jr., of Jackson, for appellants.

**Greek L. Rice,** Attorney-General, by **R. O. Arrington,** Assistant Attorney-General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellants were indicted, tried and convicted of the unlawful possession of intoxicating liquors. None of the assignments of error has any merit, but we will respond to that which is directed to the refusal by the trial court to give the following instruction on behalf of the defendants: "The court instructs the jury for the defendant that under the law this defendant is presumed to be absolutely and entirely innocent of the crime charged and every evil intent and guilty mind necessary to constitute said crime; that this presumption is not a mere idle form or ceremony, but a substantial right guaranteed to the defendant by the law of the land; that it enters the trial with him and goes throughout a silent witness commanding you to believe him not guilty, that it goes into your jury room with you when you retire to consider your verdict and there and everywhere commands you to believe the defendant not guilty and the court further tells you that this presumption of innocence alone is sufficient to demand a verdict of not guilty in your hands unless the state has by evidence overturned it and proved the defendant guilty to a moral certainty and beyond all reasonable doubt."

The learned trial judge was correct in refusing to allow this instruction, not only because its substance was contained in other instructions, but because it ought never to be given in any case. Its belated appearance before this Court is due to its extended but undeserved recognition by trial judges as a legendary and privileged accessory of the defense ritual. Its validity has therefore not been challenged upon appeal, because trial courts have consistently and indulgently, albeit with misgivings,

resolved doubts as to its propriety in favor of the defendant.

In the first place, the so-called presumption of innocence is not, strictly speaking, a presumption in the sense of an inference deduced from a given premise. It is more accurately an assumption which has for its purpose the placing of the burden of proof upon anyone who asserts any deviation from the socially desirable ideal of good moral conduct. Once this so-called presumption has placed upon the state the burden of proving guilt it has served its chief purpose. As a procedural aid it compels the state to assume and maintain the burden of proving guilt. This burden never shifts to the defendant, yet there is no such sanctity in this assumption of innocence which renders it immune to actual proof of guilt, or prolongs its life beyond that moment when the reason and judgment of the jury accept the guilt of the defendant as proven. Redmond v. Marshall, 162 Miss. 359, 137 So. 733. Indeed, it should yield as to each respective juror as soon as and as long as such juror is by the evidence convinced beyond reasonable doubt of defendant's guilt.

There seems to be no reason why this assumption, although it may be conceded that it "enters the trial with the defendant," should "go throughout" the trial despite its early or complete liquidation by overwhelming proof. And we should not indulge the fiction that it necessarily "goes into the jury room" with the jury. On the contrary, each juror under his oath should carry into the jury room a conviction of guilt if, under the instructions and testimony, this assumption has been met and overcome. State v. Quigley, 26 R. I. 263, 58 A. 905, 67 L. R. A. 322, 3 Ann. Cas. 920; Culpepper v. State, 4 Okl. Cr. 103, 111 P. 679, 31 L. R. A. (N. S.) 1166, 140 Am. St. Rep. 668; State v. Johnson, 159 S. C. 165, 156 S. E. 353. If innocence were assumed "throughout the trial" no conviction could ever be had. It is true, of course, that it remains available to the defendant whenever during the trial or consultation by the jurors, a doubt arises whether

the burden of proof has been met. Yet when the so-called presumption has placed the burden of proof and compelled, by a fictional assumption of innocence in limine, proof of guilt beyond a reasonable doubt, it has performed its chief, and in fact, its original function. See Miss. Law Jour., Vol. XII, No. 3, pp. 274, 276. There would seem to be no need to defend it against some assumed suspicion that it may be taken to be merely "an idle form or ceremony;" nor that it be given personality and identified as a "witness."

The so-called presumption requires evidence of guilt, but is not evidence of innocence. Agnew v. United States, 165 U. S. 36, 17 S. Ct. 225, 41 L. Ed. 624; Holt v. United States, 218 U. S. 245, 31 S. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138; 1 Wharton, Criminal Evidence, sections 69, 73; 9 Wigmore on Evidence (3 Ed.), p. 409, 28 Cal. L. Rev. 519; 44 Harv. L. Rev. 906, 908; Thayer, Preliminary Treatise on Evidence, p. 553. It does not "command" the jury to find the defendant not guilty; it merely requires them to assume his innocence. It does not exact belief, for assumption precedes and belief follows evidence. As stated, it is not itself evidence, much less a "witness" for the defendant; rather does it, by divesting the trial of all prejudicial inferences ordinarily inherent in one's being in custody under criminal charge, require the state to assume and maintain the burden of adducing evidence.

The force of the "presumption" as a valuable right available to the defendant is not conserved by tolerating its expression in the fantastic phrases accepted as appropriate adjuncts to trial eloquence, whence, indeed, its bombast was borrowed. Bradner, Evidence, section 460; Thayer, op cit. supra, p. 553. Only its existence and its legal effect upon the burden of proof should be stated by the trial court, whose tongue should not be borrowed for those vagaries in which counsel remain free to indulge. We must not ignore this occasion to condemn its use.

Affirmed.