HENRY BLALACK *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Evidence. Confessions.*

   Confessions are not admissible in evidence unless they be shown, beyond a reasonable doubt, to have been free and voluntary.

2. SAME. *Case.*

   Where the officer arresting a person charged with homicide told accused "that he was his friend, and would go on his bond, if necessary, and that he did not know whether or not deceased was then dead, but that it would be better for defendant if deceased was dead, since dead men tell no tales," and then asked defendant how it happened, a confession in response to such inquiry was not free and voluntary, beyond a reasonable doubt.

3. SAME. *Homicide. Self-defense. Apprehension of danger.*

   The apprehension of death or great bodily harm, which will excuse the taking of human life, is one that a man of average courage would entertain under the circumstances; but this is nothing more nor less than a reasonable apprehension.

4. SAME. *Instruction. Modification..*

   It is not prejudicial error for the trial court in a prosecution for murder.to modify an instruction, asked by defendant, by substituting the words "person of ordinary intelligence" for the word "defendant," if thereby the meaning of the instruction be not materially affected.

5. SAME. *Apparent danger.*

   Self-defense, in case of homicide, may be predicated of apparent as well as of actual danger to life or of great bodily harm.

6. SAME. *Presumption of innocence. Burden of proof.Instruction.*

   The law presumes a defendant innocent of a homicide, and the burden of proving him guilty, beyond a reasonable doubt arising from the evidence or the want of it, rests upon the state, and never shifts, and it is not required of a defendant to prove excuse or justification, and he is entitled to have given an instruction asked by him so informing the jury.

7. SAME.

> A defendant charged with homicide, who defends on the ground of
> self-defense, is entitled to have given an instruction, asked by him,
> to the effect that if he procured the weapon with which he in-
> flicted the fatal blow only for the purpose of self-defense, and did
> not intend to use it for any other purpose, and that the conduct
> and words of deceased were such as to induce in him a reasonable
> belief that he, then and there, was in danger of great bodily harm
> from deceased, and that, believing such act was necessary for his
> self-defense, he struck the fatal blow, the jury must find him not
> guilty.

FROM the circuit court of Lauderdale county.

HON. GUION Q. HALL, Judge.

Blalack, the appellant, was indicted for the murder of one
Benjamin Sparkman, was tried and convicted of manslaughter,
and appealed to the supreme court.

The homicide occurred at the home of deceased, in Meridian,
Miss., where appellant was at the time boarding. Just prior
to the killing, appellant undertook to whip a little girl who
had been reared by the wife of deceased, when deceased inter-
fered, and a difficulty ensued between appellant and deceased,
in which difficulty defendant struck deceased with an ax and
killed him. There is evidence in the record tending to show
that, at the time the fatal blow was struck, the deceased was ad-
vancing on defendant with his hand in his pocket in a threaten-
ing manner, at the same time using hostile and threatening
words, and, while deceased was thus advancing on defendant,
defendant struck deceased with an ax, which blow caused his
death. On the trial of the case in the court below, Horne, a
witness for the state, testified, over the objection of the defend-
ant, that he arrested defendant, and that on first seeing him he
asked him (defendant) why he did not let witness and Hart
know of the trouble; that he told defendant that witness and
Hart were his friends, and would help him out of the trouble,
and that witness and Hart would go on his bond, if necessary;
that he told defendant that he did not know whether deceased
was then dead or not, but that it would be better for defendant if

deceased was dead, as dead men tell no tales; that he asked defendant how it happened; and defendant stated to him while under arrest that Sparkman struck him and tore his shirt, and that he (defendant) then struck Sparkman with the ax.

The second and fourth instructions asked for defendant, and refused by the court below, are as follows:

"2. The court instructs the jury, for the defendant, that if they believe from the evidence that defendant procured the ax with which he struck deceased only for the purpose of self-defense, and did not intend to use it for any other purpose, and that the conduct and words of deceased were such as to induce in (him) a reasonable belief that he was then and there in danger of great bodily harm at the hands of deceased, and that (believing the act was necessary for his self-defense) he struck the fatal blow, they must find defendant not guilty."

"4. The court instructs the jury, for defendant, that the law presumes the defendant innocent, and that the burden of proving beyond all reasonable doubt every material allegation necessary to establish defendant's guilt rests upon the state throughout the trial, and that the burden of proof never shifts to the defendant, and that the law does not require the defendant to prove by his evidence excuse or justification; but if from all the evidence the jury entertains a reasonable doubt as to whether the killing was done in the heat of passion, or proceeded from the principle of self-defense, they will find the defendant not guilty."

*Neville & Wilbourne* and *W. T. Houston,* for appellant.

The modification of the defendant's instruction No. 2 was fatal error, for which it is submitted that the judgment appealed from must be reversed. The instruction as asked authorized the acquittal of the defendant if he took the life of the deceased under the honest and reasonable belief that he was in imminent danger. The instruction finds support in many cases. *Long* v. *State,* 52 Miss., 23; *Spivey* v. *State,* 58 Miss.,

558; *Bang* v. *State,* 60 Miss., 571; *Ingram* v. *State,* 62 Miss., 142; *Godwin* v. *State,* 73 Miss., 873. The instruction as asked perhaps finds its best support in the facts of the case of *Marts* v. *State,* 26 Ohio St., 162. The result of the modification was to require that the danger to the life of defendant or of great bodily harm to him should be actual, and it eliminated entirely the idea of apparent danger. It has never been held in this state, or elsewhere, so far as we know, by any court other than the one from which this appeal is taken, that if a defendant charged with homicide reasonably apprehended danger to his life or great bodily harm, and acted under the honest belief that the taking of the life of his adversary was essential to his own self-defense, even though he were mistaken, that such reasonable apprehension of danger, imminent and impending, was not an excuse. The error complained of was accentuated by a similar modification of the fifth instruction asked by appellant, nor was the error cured by any other instruction given in the case. The defendant was entitled to have the principle of the law, for which we contend, and for which he contended in the court below, applied to the concrete facts of the case. *Aldrige* v. *State,* 59 Miss., 250; *Lamar* v. *State,* 64 Miss., 428; *Gerdine* v. *State,* 64 Miss., 798.

The fourth charge asked for appellant should have been given. The burden of proof in a criminal case never changes. *Ellis* v. *State,* 65 Miss., 44. The pretended confession of defendant testified to by witness Horne, a policeman, was improperly admitted over appellant's objection. *Wharton's Criminal Evidence,* secs. 651, 673; *Commonwealth* v. *Nott,* 135 Mass., 269; *Simon* v. *State,* 37 Miss., 288; *Cady* v. *State,* 44 Miss., 333; *Jones* v. *State,* 58 Miss., 349.

*Monroe McClurg,* attorney general, for appellee.

The complaint made by appellant's counsel of the instructions is that the court refused to instruct the jury that the accused was entitled to an acquittal upon the showing that the conduct

and words of the deceased were such as to induce *him* to believe
that there was actual or apparent danger to his life or of some
great bodily harm. The court refused to so instruct the jury,
but modified the instructions so as to require that the jury
should be satisfied that the conduct and words of the deceased
were such as to induce a man of ordinary intelligence to believe
that there was reasonable ground to apprehend actual or ap-
parent danger to life or of some great bodily harm.

It is only necessary to compare the instructions as requested
with those modified and given to see the misapprehension of the
law. Instead of refusing the instructions outright, as the court
had the right to do, they were modified so as to correctly an-
nounce the law of the case and granted. It was optional with
counsel to withdraw the instructions as modified or read them to
the jury. No citations are necessary.

The exception to the admission of testimony as to the confes-
sion is not tenable. The fact that Horne was the friend of the
accused, or that he was a *quasi* officer, was merely a circum-
stance to be considered by the court in determining the com-
petency of the testimony. The witness affirms that he did not
seek a confession and made no promises to induce it. He sums
it up by saying that the accused talked constantly from the time
of arrest until he reached the jail—during a trip across the
country of twenty-two miles—and that it would take enough
paper to cover the walls of the courtroom to write out all that
the prisoner said. The witness told the accused that he was
his friend, but declares it was unnecessary, as the accused well
knew the fact. Horne shows that the confession was made
freely and voluntarily in the continuous conversation of the
accused while in his charge and wholly without inducement.

Argued orally by *W. T. Houston,* for appellant, and by *Mon-
roe McClurg,* attorney general, for appellee.

WHITFIELD, J., delivered the opinion of the court.
The alleged confession to Horne should not have been admit-

ted.    It falls far short of being shown to be free and voluntary beyond a reasonable doubt.

We do not think the complaint made of several instructions, that the court inserted "person of ordinary intelligence" for "defendant," well taken, for the reason that, whilst the modification should not have been made, it did not materially affect the meaning.    The idea the court had was right—that the apprehension of death or great bodily harm must be reasonable, in the judgment of a man of ordinary courage, and that the unnecessary fear of an exceptionally timid man is not the proper test.    The scale of courage varies from Murat to Aguecheek. It is the apprehension that a man of average courage would entertain that is a reasonable apprehension.    The defendant in any particular case judges at his peril, and takes the risk of the jury's finding that judgment to be reasonable—such an apprehension as a man of average courage would, under the circumstances, have entertained.    And the mistake of the court was in supposing that charge No. 2 set up any other standard. It was proper as asked.    "Conduct which induced in the defendant a reasonable apprehension" is its language, and this means apprehension reasonable in the judgment of the jury, applying the standard above given.

The court erred in modifying the third and fifth instructions by omitting the proposition that the danger need not be actual, but only apparent, and this was not cured by the first charge given appellant.    The court also erred in not giving the fourth charge for appellant as asked.    The burden of proof never shifts in a criminal case.    And it also erred in refusing the second instruction for appellant.

*Reversed and remanded.*