GENTRY v. STATE.

[66 South. 982.]

1. CRIMINAL LAW. *Instructions. Reasonable doubt. Presumption of innocence.*

Where, in the trial of a criminal case, there was evidence which, if believed, would exonerate the defendant, it was reversible error for the court to refuse him an instruction. "That the defendant at the outset of the trial is presumed to be an innocent man. He is not required to prove himself innocent or to put in any evidence at all upon that subject. In considering the testimony in the case, you must look at the testimony, and view it in the light of that presumption which the law clothes the defendant with that he is innocent, and it is a presumption that abides with him throughout the trial of the case until the evidence convinces you to the contrary, beyond all reasonable doubt, of his guilt."

2. INSTRUCTIONS. *Reasonable doubt. Presumption of innocence.*

An instruction as to reasonable doubt will not supply the place of an instruction as to presumption of innocence, when the latter is requested.

APPEAL from the circuit court of Smith county.
HON. W. H. HUGHES, Judge.

Paul Gentry was convicted of assault and battery and appeals.

The facts are fully stated in the opinion of the court.

*T. J. Wills*, for appellant.

Appellant asked the court to instruct the jury for the defendant: "That the defendant at the outset of the trial is presumed to be an innocent man. He is not required to prove himself innocent or to put any evidence at all upon that subject. In considering the testimony in the case you must look at the testimony and view it in the light of that presumption which the law clothes the defendant with that he is innocent and it is a presumption that abides with him throughout the trial of the case until the evidence convinces you to the contrary beyond all reasonable doubt of his guilt." The court refused this instruction; this action of the court manifestly was error. It is the law of this state that a defendant charged with crime is presumed innocent of the crime in its entirety, and in all of its material parts until the state has shown to the contrary. *Wilkie* v. *Collins*, 48 Miss. 496; *Owen* v. *State*, 80 Miss. 499; *Cook* v. *State*, 85 Miss. 738.

For the errors committed by the trial court below we submit that the case should be reversed and remanded for a new trial.

*Ross A. Collins*, Attorney-General for the state.

The fourth and fifth assignments of error relate to the granting of certain instructions for the state and the refusal of certain others for appellant. These instructions objected to are manifestly fair and proper and I shall take up the time of the court only in noticing the instruction specifically mentioned in appellant's brief, which instruction is as follows: "That the defendant, at the outset of the trial, is presumed to be an innocent man. He is not required to prove himself innocent or to put any evidence at all upon that subject. In considering the testimony in the case, you must look at the testimony and view it in the light of that presumption which the law clothes the defendant with, that he is innocent and it is a presumption that abides with him throughout the trial

of the case until the evidence convinces you to the contrary beyond all reasonable doubt of his guilt.''

This instruction is unduly broad in that it focuses undue attention to the manner of construing testimony as it is only required that the jury believe from the evidence as a whole, beyond a reasonable doubt, that the defendant is guilty.

I submit that in the light of all the defining and qualifying instructions given for the appellant that he was not prejudiced in any manner whatsoever by the denial of this one. The jury were well and fairly instructed in every phase of the offense and all that was essential to constitute his guilt or innocence, and their verdict based upon the evidence and these instructions simply means this, that whether or not Sullivan struck first, whether the appellant attacked him with a dangerous weapon with murderous intent, when it was unnecessary for his defense, or when he was in no serious danger, either real or apparent. I submit that the indictment is amply sustained by the proof and that the verdict of the jury and the judgment of the court, which was indeed a lenient one, should be affirmed.

COOK, J., delivered the opinion of the court.

Appellant was indicted for an assault and battery with the intent to murder, and the jury returned a verdict finding him guilty of an assault and battery, and he appeals to this court.

We think there is no merit in any of the assignments of error, save one. The court was requested by defendant to instruct the jury as follows:

''The jury are instructed that the defendant at the outset of the trial is presumed to be an innocent man. He is not required to prove himself innocent or to put in any evidence at all upon that subject. In considering testimony in the case, you must look at the testimony, and view it in the light of that presumption which the law

clothes the defendant with that he is innocent, and it is a presumption that abides with him throughout the trial of the case until the evidence convinces you to the con-trary, beyond all reasonable doubt, of his guilt.''

Just here we will say that the defendant requested very few instructions. This is not a case wherein the in-structions requested or given for the defendant rehashes in varying terms the law by which the jury should be guided in their deliberations upon the evidence in the case.

We think it proper to say that the evidence for the de-fendant, given by a number of witnesses, if believed by the jury, or if they entertained a reasonable doubt as to whether it was true or not, was of such a character as to justify the defendant in doing what he did, on the ground that he delivered the blow in self-defense, and used no more force than was apparently necessary to protect himself from great bodily harm. In this state of the record, the court denied him a valuable right when he refused to grant the instruction above set out. This instruction has been more than once approved by this court. *Wilkie* v. *Collins,* 48 Miss. 496; *Owens* v. *State,* 80 Miss. 499, 32 So. 152; *Cook* v. *State,* 85 Miss. 738, 38 So. 110; *Blalack* v. *State,* 79 Miss. 517, 31 So. 105.

From the authorities it may be taken that an instruc-tion as to reasonable doubt will not supply the place of an instruction as to presumption of innocence, when the latter is requested. Jones' Blue Book on Evidence, section 12b.

Lord Gillies says in *McKinley's Case,* 33 How. State Trials:

"I am sorry to see, in this information, that the public prosecutor treats this too lightly. He seems to think that the law entertains no such presumption of innocence. I cannot listen to this. I conceive that this presumption is to be found in every code of law which has reason and religion and humanity for a foundation."

*Reversed and remanded.*