STATE, Respondent, v. HALL, Appellant.

(238 N. W. 302.)

(File No. 6988.   Opinion filed October 5, 1931.)

*Theodore R. Johnson,* of Sioux Falls, for Appellant.

*M. Q. Sharpe,* Attorney General, *Frank W. Mitchell,* Assistant Attorney General, and *Lucius J. Wall,* State's Attorney, of Sioux Falls, for the State.

POLLEY, P. J.   In this case appellant was convicted on an information charging that she practiced deceit and fraud and used menace and threats with intent to prevent Anna Hart and Hazel Hart from appearing and giving testimony at a certain preliminary hearing then pending in the municipal court of Sioux Falls, wherein

one Fred Westling was being prosecuted on a charge of rape in the second degree committed upon said Hazel Hart.

During the trial appellant called to the witness stand as a witness on behalf of appellant one Sophia Westling, mother of the said Fred Westling, and asked that the said Sophia Westling be sworn to testify in the case. Said witness was accompanied by counsel who, without waiting for said witness to be sworn, objected to her being sworn, or being called to testify in the case for the reason that she was jointly charged with the defendant and that to compel her to be sworn and testify would be compelling her to give testimony against herself and against her wishes. The following colloquy between counsel for the witness, counsel for appellant, the state's attorney, and the trial judge, then took place:

Counsel for Appellant: I would like to ask the State's Attorney if he is going to try her. If not, I see no harm in calling her.

"By the Court: You are representing her, Mr. Danforth?

"By Mr. Danforth: I represent her.

"By the Court: Mr. Danforth's objection is proper.

"Counsel for Appellant: Will that apply to anything I might ask her?

"By the Court: She is a defendant in this case and she is going to stand on her statutory grounds and Mr. Danforth's objection is proper and sustained for that reason.

"Counsel for Appellant: This will apply to any question I might ask her?

"By the Court: Yes.

"Counsel for Appellant: And the same ruling?

"By the Court: Yes, joint information.

"Counsel for Appellant: A joint complaint but no joint information.

"By the Court: I will rule that way, Mr. Johnson, the complaint in this case is against Mary Hall and Sophia Westling.

"Counsel for the Witness: Mrs. Westling, I want to ask you this question. You wish to make this question and do not want to testify because of the pending action against you?

"By Mrs. Westling: Yes.

"Counsel for Appellant: I want to ask the state if they intend to try it or dismiss?

"State's Attorney: That has nothing to do with the issues in this case.

"By the Court: Witness Sophia Westling, having claimed her constitutional rights and refused to testify on the ground that her testimony might incriminate her by herself and also thru her counsel, George Danforth, which objection was sustained, the court makes no ruling on the offer now made by Attorney for Mrs. Hall, which offer is subsequent to the ruling heretofore mentioned other than to state that the court cannot permit Mrs. Westling to be compelled to testify over her objection."

■ ■ The appellant contends that the trial court erred to her prejudice in refusing to permit the witness to be sworn and testify. The claim of right to refuse to testify by the witness is based upon section 9 of article 6 of our State Constitution, which provides: "No person shall be compelled in any criminal case to give evidence against himself. * * *" This section should be liberally construed so as to protect any person claiming its protection from incriminating himself while on the witness stand, but the privilege should not be abused nor used as an excuse for refusing to testify from mere caprice nor to avoid giving testimony that may be used against the witness in a civil action. Nor does this provision give any witness, not a party to the action, the right to refuse to be sworn. A witness cannot declare himself to be incompetent to testify as a witness, as was done in this case, but must be sworn and can claim his privilege only when he has been asked a question, the answer to which would tend to incriminate him. This matter was gone into at some length by the California Court in Ex parte Stice, 70 Cal. 51, 11 Pac. 459, 460, where we think the correct conclusion was reached. One Prewett was on trial for murder. Stice was charged with the same murder, but in a separate information. Stice was called as a witness, but refused to be sworn on the ground that his testimony would tend to convict himself. The court held him guilty of contempt of court and committed him to jail. He took the question to the Supreme Court on a writ of habeas corpus. That court, in sustaining the trial court, uses the following language: "It is no answer to a refusal to be sworn that the petitioner asserted at the time, as a reason for such refusal, that his testimony would have a tendency to subject him to punishment for a felony. Such privilege cannot be

urged by the witness until a question is put to him, after being sworn, the answer to which would have the tendency stated above. Whether the answer to such question would be or might be of such tendency, the court in which the trial is proceeding must adjudge,—Whart. Chim Ev. (9th Ed.) § 469,—and it cannot be called on to do so in advance of the question being put. To hold that the reason stated above would justify a person called in refusing to be sworn would be to make such person, and not the court, the final judge, and exclude the court from any consideration of the matter whatever. Such is not and cannot be the law. On the question presented to the court the reason urged by the petitioner called for no consideration, for the right claimed by petitioner remained to him after he was sworn. He was deprived of no such right by taking the oath as a witness. Under such circumstances, the jurisdiction of the court to adjudge a party guilty of and punish for a contempt was in nowise affected."

And very recently this court, in State v. Smith, 56 S. D. 238, 228 N. W. 240, 246, quoting from People v. Bermel, 71 Misc. Rep. 356, 128 N. Y. S. 524, said: "If the person testifying is a mere witness, he must claim his privilege on the ground that his answers will inciriminate him, whereas, if he be in fact the party proceeded against, he can not be subpœnaed and sworn, even though he claim no privilege." For further authority, see Wharton Cr. Ev. (9th Ed.) § 469; Jones on Evidence (2d Ed.) § 884 et seq.; State v. Duffy, 15 Iowa 425; McGorray v. Sutter, 80 Ohio St. 400, 89 N. E. 10, 24 L. R. A. (N. S.) 165, 131 Am. St. Rep. 715; Ford v. State, 29 Ind. 541, 95 Am. Dec. 658; In re Eckstein, 148 Pa. 509, 24 Atl. 63; People ex rel Hackley v. Kelly, 24 N. Y. 74.

In this case it is not clear whether the witness refused to testify because she feared her testimony might tend to incriminate her on a criminal charge or because she was afraid her testimony might be used against her in a civil action for damages that had been started against her for the seduction of Hazel Hart. Moreover, she is not a defendant in this action, as stated by the trial judge. Her name does not appear in the information on which appellant was being tried.

The court erred to appellant's prejudice in refusing to have the witness sworn and let her be examined.

During the trial the appellant requested the following instruction: "The court instructs the jury that if you believe any witness in this case has knowingly sworn falsely to any material matter in this case, you may reject all the testimony of such witness." The court gave the instruction, but added to it the following qualification: "Except where it is corroborated by other competent testimony which is believed by you." The instruction as requested is proper and has been approved by this court repeatedly, State v Wilcox, 48 S.D. 289, 204 N.W. 369; State v. Hanley, 58 S.D. 191, 235 N.W. 516; but as qualified by the trial court it is quite senseless. As so qualified it carries with it the implication that the jury is to believe the witness, even though they may think him dishonest. If the jury believe a witness is dishonest, they are at liberty to reject all his testimony if they see fit, even though he may be corroborated.

The judgment and order appealed from are reversed.

CAMPBELL, WARREN, and RUDOLPH, JJ., concur.

ROBERTS, J., disqualified and not sitting.