THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEWIS J. WELLS, Appellant.

(Argued October 21, 1936; decided December 1, 1936.)

*Joseph P. Murphy* and *Charles A. Murphy* for appellant.

*Andrew J. Hanmer, District Attorney (Allan L. Gurley* of counsel), for respondent.

*Per Curiam.* Defendant was convicted of murder in the first degree for causing the death of Joseph Jessmer. The verdict is not against the weight of evidence.

Lida Jessmer, wife of the deceased, was, at the time of the trial, confined in jail under an indictment for murder in the first degree in relation to the death of her husband. Counsel for defendant made a motion for an order directing the Sheriff to produce her so that she might be sworn as a witness in his behalf. The trial court denied the motion and stated these reasons: " The only purpose in bringing this person in would be as a witness. Her counsel objects on the ground that it might incriminate her. He objects to her being a witness or being sworn or answering questions. The court feels that she should not be subjected to an examination under the circumstances, and bringing her in would be an empty formality."

This ruling was erroneous. In all criminal prosecutions the accused has a right to have compulsory process for obtaining witnesses in his favor. (Civil Rights Law, § 12; Cons. Laws, ch. 6.) Notwithstanding the strong evidence against defendant and the possibility or even a probability that Mrs. Jessmer would refuse to answer questions if sworn as a witness, we are of the opinion that the error

in refusing to order her to be produced in court is not such a technical error as does not affect defendant's substantial rights. (Code Crim. Proc. § 542.)

The judgment of conviction should be reversed and a new trial ordered.

LEHMAN, CROUCH, LOUGHRAN and FINCH JJ., concur; CRANE, Ch. J., O'BRIEN and HUBBS, JJ., dissent and vote for affirmance under section 542 of the Code of Criminal Procedure.

Judgment of conviction reversed, etc.