HAWTHORNE, Justice.
Frank Gambino, the defendant-appellant, and Edgar Daurin were charged in a bill of information with the violation of LSA-R.S. 40:636, which makes it unlawful to introduce and deliver for introduction into commerce a food that is adulterated. On application of Gambino a severance was granted by the court, and the two accused were ordered to be tried separately. Gambino was tried, adjudged guilty, and sentenced to pay a fine of $1,000 and in default of the payment of the fine to serve a term of six months in the parish prison. From this conviction and sentence he has appealed.
During the course of his trial Gambino called as a witness in his behalf Edgar Daurin, who was not on trial at the time. Counsel for the witness, who was present in the courtroom, objected to his client’s being placed on the witness stand on the ground that he was charged in the same *1042 bill of information with the same offense as the defendant Gambino who was then on trial. The objection was sustained by the court, and counsel for the defendant Gambino reserved a bill of exception to this ruling.
The ruling of the trial judge was reversible error, for, in our opinion, the witness Daurin, not being on trial, was a competent witness in behalf of the defendant-appellant Gambino.
Article 474 of the Code of Criminal Procedure, LSA-R.S. 15:474, provides that, when several persons are on trial at the same time under the same indictment, each may be a witness on his own behalf or in behalf of his codefendant. Under this article, if Daurin and Gambino had been placed on trial at the same time, each would have been a competent witness in behalf of himself or the other at his own request but not otherwise. Since they were not on trial at the same time, however, Daurin’s competency must be determined under Article 461 of the Code of Criminal Procedure, LSA-R.S. 15:461, which provides:
“The competent witness in any criminal proceeding, in court or 'before a person having authority to receive evidence, shall be a person of proper understanding, but; (1) Private conversations between husband and wife shall be privileged. (2) Neither husband nor wife shall be compelled to be a witness on any trial upon an indictment, complaint or other criminal proceeding, against the other. (3) In the trial of all indictments, complaints and other proceedings against persons charged with the commission of crimes or of-fences, a person so charged shall, at his own request, but not otherwise, be deemed a competent witness.”
Daurin does not come within the first or second exception set out in this article, and, since he was not on trial under the bill of information charging him with the crime at the time he was called as a witness, he does not fall within the third exception. He was therefore a competent witness as that term is defined in the Code.
In support of the trial judge’s ruling the State cites and relies on the provision of Article 1, Section 11, of our Constitution, that “No person shall be compelled to give evidence against himself in a criminal case or in any proceeding that may subject him to criminal prosecution, except as otherwise provided in this Constitution. * * * ”
This guaranty of immunity does not affect the competency of the witness Daurin under the facts and circumstances of the instant case, and we do not agree that it can be urged as justification for his refusal to be sworn when called to testify by Gambino. Daurin was not on trial under the bill of information at that time, and his guilt or innocence was not a question to be determined at the trial of Gambino. Although Daurin was a competent witness *1044 and Gambino was entitled to have him sworn and placed on the witness stand, Daurin’s constitutional rights would have been fully protected because he could have claimed the immunity and refused to answer any question propounded the answer to which would have tended to incriminate him.
The courts of several other states have had occasion to pass on the question of whether one jointly charged with another or charged with the same crime as another can be compelled to táke the witness stand when he himself is not on trial and urges the constitutional protection against self-incrimination. They have held that such constitutional guaranty is no justification of his refusal to be sworn and to take the witness stand, because he. can claim his privilege when he has been asked a question the answer to which would tend to incriminate him. See Ex parte Stice, 70 Cal. 51, 11 P. 459; State v. Hall, 59 S.D. 98, 238 N.W. 302; State v. Addington, 158 Kan. 276, 147 P.2d 367; State v. Nelson, 91 Vt. 168, 99 A. 881.
We shall not discuss the other bills of exception in the record, as the circumstances under which they were reserved will probably not occur at a subsequent trial.
For the reasons assigned, the conviction and sentence are reversed and set aside, and the defendant is granted a new trial.