■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE CAPARELLI, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 10, 1963 after a jury trial, convicting him of burglary in the third degree and petit larceny, and imposing sentence upon him as a second felony offender. Judgment reversed on the law and the facts, and a new trial ordered. The appellant and two codefendants were jointly indicted and jointly tried. After all the defendants had rested, appellant's counsel asked the court for permission to interview a codefendant who he had reason to believe was willing to testify in appellant's favor. The court asked the codefendant's counsel if he would permit his client to be questioned; counsel refused. Appellant's counsel urged the court to ask the codefendant if he was willing to be questioned or to testify but the court treated the refusal of the codefendant's counsel as dispositive of the matter. We think this was reversible error. In all criminal prosecutions, the accused has the right to have compulsory process for obtaining witnesses in his favor (U. S. Const., 6th Amdt.; Civil Rights Law, § 12). As stated by the Court of Appeals: " Notwithstanding the strong evidence against defendant and the possibility or even a probability that Mrs. Jessmer would refuse to answer questions if sworn as a witness, we are of the opinion that the error in refusing to order her to be produced in court is not such a technical error as does not affect defendant's substantial rights " (*People* v. *Wells*, 272 N. Y. 215, 216–217). Moreover, in the instant case the codefendant had testified in the Felony Court that appellant was not involved in the crime. At the time appellant's counsel asked for permission to interview the codefendant, the said counsel stated that he believed the codefendant wished to testify; that the codefendant had been joined only to prevent the statement he had made in the Felony Court from being put before the jury; and that by reason of the fact that the codefendant's counsel was offering no defense and

taking no part in the trial it was clear that the Assistant District Attorney would permit the codefendant to plead to a lesser offense at a subsequent time. We think the record clearly supports these contentions. At the outset, it should have been apparent to the Assistant District Attorney that a joint trial would impair appellant's substantial rights and prevent a fair trial as to him (cf. *People* v. *Schwarz*, 10 A D 2d 17 [First Dept.]; *People* v. *Lowry*, 8 A D 2d 956 [Second Dept.]). In the interests of justice a new trial is required. Appellant also contends that a failure to comply with section 335-b of the Code of Criminal Procedure requires reversal. Under the rule recently announced by this court (*People ex rel. Schlesinger* v. *Fay*, 19 A D 2d 632) that contention is untenable. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.