Thomas Clayton **SANDERS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 20814.

United States Court of Appeals
Ninth Circuit.

Feb. 21, 1967.

Chris T. Johnson, McGillicuddy & Johnson, Phoenix, Ariz., for appellant.

William P. Copple, U. S. Atty., Morton Sitver, Henry L. Zalut, Lawrence Turoff, Asst. U. S. Attys., Phoenix, Ariz., for appellee.

Before JONES, Senior Judge, U. S. Court of Claims, BARNES and JERTBERG, Circuit Judges.

PER CURIAM:

In our opinion there is more than sufficient evidence in the record to convict appellant of the charge made against him (18 U.S.C. § 2421, interstate transportation of a woman for purposes of prostitution).

The sufficiency of the evidence to convict, however, is not the question before us. Government counsel asked one of two witnesses, who claimed the Fifth Amendment privilege, at least fifty-five questions, of which at least ten questions might well, if answered, have incriminated the witness. The second witness, claiming her Fifth Amendment privilege, was asked very few questions.

We conclude that the facts and procedures in this case do not fall within the rule of Namet v. United States, 373 U.S. 179, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963), but do come within the reasoning underlying Fletcher v. United States, 118 U.S.App.D.C. 137, 332 F.2d 724 (1964).

Without attempting to particularize, we are of the opinion that in the circumstances of this case, viewed in their entirety, inferences from Charlotte Ann Currin's refusal to answer added critical weight to the prosecution's case in a form not subject to cross-examination,

and thus prejudiced appellant Sanders. These inferences affected his substantial rights.

The judgment of the district court, therefore, must be reversed, and the matter is remanded for further proceedings.