■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT OWENS, Appellant.

Christt,
Benjamin and Munder, JJ., concur: Beldock, P. J., and Rabin, J., dissent
and vote to affirm the judgment, with the following memorandum: In *People*
v. *Caparelli* (21 A D 2d 882), this court held that it was prejudicial error
for the trial court to refuse to allow a defendant to call his codefendant to
the stand. We there stated: "In all criminal prosecutions, the accused has
the right to have compulsory process for obtaining witnesses in his favor
(U. S. Const., 6th Amdt.; Civil Rights Law, § 12). As stated by the Court
of Appeals: 'Notwithstanding the strong evidence against defendant and
the possibility or even a probability that Mrs. Jessmer would refuse to answer
questions if sworn as a witness, we are of the opinion that the error in refus-
ing to order her to be produced in court is not such a technical error as does
not affect defendant's substantial rights' (*People* v. *Wells*, 272 N. Y. 215,
216–217)." In the light of our holding in *Caparelli*, it is our opinion that
it was not prejudicial error for the trial court herein to require appellant
to take the stand, at the behest of his codefendant, particularly in view of
the fact that the court promptly instructed and charged the jury that appel-
lant's failure to testify **did** not create **any** presumption against him. While

no motion for a severance was made in *Caparelli* prior to the calling of the codefendant as a witness, whereas, at bar, a motion for a severance was made by the codefendant, it is nevertheless significant that no motion therefor was made by appellant at bar and his attorney only moved for a mistrial after appellant took the stand. Accordingly, appellant's claim that he was prejudiced because he was called as a witness and was compelled to invoke his constitutional privilege against incrimination, should be rejected as being without merit. The judgment should, therefore, be affirmed.