Leoít B. Polsky, J.
The defendant is charged in a three-count indictment with criminally selling a dangerous drug in the third degree, criminal possession of a dangerous drug in the fourth degree (possession with intent to sell), and criminal possession •of a dangerous drug in the sixth degree.
I
The defendant, during trial, renews his application for disclosure of the identity of a confidential informant and requests the People be directed to produce her so she may be called as a defense witness.
The People have essentially concluded the presentation of their casé against Jerry Jones after having called three witnesses, only one of whom testified directly to the incident involved in this prosecution. Officer Williams testified that he was taken to an after-hours social club by a confidential informant. Arriving shortly before 3:00 a.m. on June 3, 1973, the informant introduced Williams to the defendant who then was the sole apparent occupant of the premises. A few minutes later three females, two of whom appeared to be bar maids entered the club. The informant and Williams were seated at the bar with the defendant standing near the informant. Williams testified that the informant, holding up a $20 bill, said to the defendant “Let me have some blow”, meaning cocaine. The defendant asked, “ All of it? ” and the informant indicated in the affirmative. The defendant then took the $20, left the bar area, and after going into the kitchen, returned a few minutes later with eight grains of cocaine contained on a tin foil square. The material was placed by the defendant on the bar in front of the informant and Officer Williams; both Williams and the informant pretended to “snort” the cocaine.
During the cross-examination of Williams and a preliminary police witness, the defense sought to elicit the name of the informant and demanded her production, so she might be called as a defense witness.
*549 The People have claimed the “ informer’s privilege” (i.e., the Government’s privilege to withhold from disclosure the identity of the informer), indicating that the informant is not a ‘ ‘ registered informant” and to the best knowledge of the Assistant District Attorney, is not presently acting as an informant in any law enforcement effort. There has been no assertion by the People that the informant would be uniquely endangered by disclosure and production. The People do not contend the claim of privilege completely forecloses further inquiry with respect to the informant. The People suggest that the court should, in camera, examine the informant and determine whether or not she would have useful and relevant evidence to give on behalf of the defense. Although such procedure places the court in the unwholesome role, akin to that of attorney for the defendant, in assessing what is useful to the defense, it has been held to be an appropriate accommodation of the privilege and the defendant’s rights where the informant’s involvement is only peripheral to the actual offense on trial (see, e.g., People v. Delgado, 40 A D 2d 554).
This case however does not involve an informant who has only peripheral involvement with the transaction and events which are the subject of the indictment. Here, the informant was not only a direct witness to the transaction for which the defendant is on trial, but according to Officer Williams she was a direct participant in the. sale as the apparent purchaser of the cocaine.
Where it is apparent from the People’s direct case that the informant is a direct and material witness to the events and participated in the offense, the necessity for accommodation of the privilege diminishes substantially.
In Roviaro v. United States (353 U. S. 53, 65, n. 15), the court stated, with respect to Count I, “ it was evident from the face of the indictment that [the informant] was a participant in and a material witness to that sale. Accordingly, when his name and address were thus requested [in a demand for a bill of particulars!] the Government should have been required to supply that information or suffer dismissal of that count.” If the court there thought disclosure on pain of dismissal at the pretrial stage was appropriate, it is even more compelling that disclosure be required during trial. Also in People v. Goggins (42 A D 2d 227) where disclosure without an in camera hearing was directed upon a showing of less involvement by the informer than here, the People in their brief to the Appellate Division, Second Department, specifically contrast the situation *550 in that case to one in which the informant is an active participant in the criminal transaction (see, also, People v. McShann, 50 Cal. 2d 802; Bennett v. State of Arkansas, 252 Ark. 128; State v. Roundtree, 118 N. J. Super. 22).
The court’s opinion in McShann is particularly instructive. After distinguishing the situation in which the informant merely points the finger of suspicion at an accused and plays no part in the criminal act — where disclosure of his identity is “ ordinarily not necessary ”, Justice Traynor then states (p. 808): ‘ ‘ When it appears from the evidence, however, that the informer is also a material witness on the issue of guilt, his identity is relevant and may be helpful to the defendant. Nondisclosure would deprive him of a fair trial. Thus, when it appears from the evidence that the informer is a material witness on the issue of guilt and the accused .seeks disclosure on cross-examination, the People must either disclose his identity or incur a dismissal.”
The extent of the court-fashioned accommodation between the privilege and the constitutional right to call witnesses on one’sown behalf (see, Washington v. Texas, 388 U. S. 14; People v. Wells, 272 N. Y. 215; People s. Owens, 22 N Y 2d 93; Civil Rights Law, § 12) must depend upon the particular circumstances in each case. Here, the in camera examination, substituting the court for the informed advocacy to which the defendant is entitled is singularly inappropriate.
The court does not know what witnesses, if any, the defense intends to call nor can the court possibly predict in what way defense strategy might change, what questions might be asked or not asked depending upon what the informant might say. The dynamics of trial are too unpredictable and fluid for the court to substitute its assessment of the informant as a witness for that of the defense counsel who has investigated the case and is familiar with whatever options may be open to him.
Although disclosure is directed, it will be limited to that which is necessary to assist the defendant in his defense. Defense counsel has indicated that he washes the informant disclosed so that she might be called as a defense witness.
Accordingly, the People ;are directed to produce the informant, who appears to be within the People’s control. Upon production of the informant, the attorney for the defendant, in the absence of the defendant, will be permitted to privately interview the informant and determine whether he wishes her to be called as a witness. Counsel for the defendant, as an officer of the court, has indicated during oral argument that he would *551 accept a court direction not to divulge the informant’s identity to the defendant in the event she were not called as a witness. If defeilse counsel intends to call the informant as a witness, then prior thereto, counsel shall advise the court of the purpose and scope of his direct examination, and if the proposed testimony is admissible and relevant to the case, her production as a witness will be directed, subject to the People’s right to again assert the privilege under risk of dismissal.
II
In furtherance of the above direction, the People have contacted the informant and the Assistant District Attorney has interviewed her. He advises the court that she is in fear of her safety if her identity is disclosed. Request is again made for an in camera examination which if refused by the court will cause the People to again assert the informer’s privilege with respect to the previously directed private interview with defense counsel. The court adheres to its direction for the limited disclosure indicated in the first part of this opinion. Upon reassertion of the “ informer’s privilege” and the People’s refusal to make the informant available for interview by defense counsel, the defendant moves for a mistrial and the dismissal of the indictment.
The motions are granted, the indictment is dismissed, and bail is exonerated.