**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Elgie ROBERTS, Defendant-Appellant,**
**No. 73-3349.**

United States Court of Appeals,
Ninth Circuit.

Sept. 19, 1974.

Certiorari Denied Jan. 13, 1975.
See 95 S.Ct. 791.

Howard B. Frank (argued), of McInerney, Milchen & Frank, San Diego, Cal., for defendant-appellant.

Michael E. Quinton, Asst. U. S. Atty., (argued), San Diego, Cal., for plaintiff-appellee.

Before HUFSTEDLER and GOODWIN, Circuit Judges, and NEILL,* District Judge.

## OPINION

NEILL, District Judge:

The principal issue raised in this appeal is the refusal of the trial court to permit a co-defendant to take the witness stand at defendant's behest after the co-defendant Mr. Miller advised the court in chambers that he would exercise his Fifth Amendment rights and refuse to testify.

Defendant and a Mr. Miller were jointly charged in a six-count indictment. Prior to selection of the jury the court was advised that defendant intended to call Mr. Miller as defense witness. Mr. Miller's counsel informed the court that Mr. Miller would refuse to testify. In chambers, Mr. Miller's counsel advised the court that his client desired to enter a guilty plea to count 3 of the indictment. Mr. Miller was then interrogated pursuant to Rule 11, Federal Rules of Criminal Procedure, and the plea accepted. Mr. Miller was severed from the case and the trial proceeded against defendant alone. Mr. Miller persisted in his refusal to testify and the court upheld his claim of privilege. All this occurred outside the presence of the jury.

Defendant asserts he was denied his Sixth Amendment right to compulsory process to obtain a witness in his favor arguing that Mr. Miller's severance and

---

* Honorable Marshall A. Neill, United States District Judge, Eastern District of Washington, sitting by designation.

guilty plea removed his Fifth Amendment privilege. *See* Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed. 2d 1019 (1967); United States v. Hoffman, 385 F.2d 501 (7th Cir. 1967). Appellee counters that as Mr. Miller still faced prosecution on the other five counts of the indictment which had not been dismissed, he was entitled to assert his Fifth Amendment privilege. Defendant further contends that the Sixth Amendment right distinguishes cases holding that the government is not entitled to call a witness when it is clear that the witness will claim his privilege. *See* Fletcher v. United States, 118 U.S. App.D.C. 137, 332 F.2d 724 (1964) and Sanders v. United States, 373 F.2d 735 (9th Cir. 1967).

■ This Circuit has previously held that a defendant may not call as a witness a co-defendant who has indicated his assertion of his privilege against incrimination. United States v. Beye, 445 F.2d 1037 (9th Cir. 1971); United States v. McKinney, 453 F.2d 1221 (9th Cir. 1972). *Accord:* United States v. Young, 488 F.2d 1211 (1st Cir. 1973); Bowles v. United States, 142 U.S.App. D.C. 26, 439 F.2d 536 (1970); Commonwealth v. Greene, 445 Pa. 228, 285 A.2d 865 (1971). Defendant herein relies heavily on the position of the dissents in *Bowles* and *Beye.*

However, before discussing the basic rules as set forth in *Beye, supra,* there is a threshold question, to-wit: Did Mr. Miller have a Fifth Amendment privilege following his guilty plea? The record does not disclose any motion by the government to dismiss the remaining five counts as to Mr. Miller at the time of the taking of the guilty plea on count 3; neither is there disclosed any plea bargain giving rise to the guilty plea. Therefore, contends appellee, Mr. Miller remained vulnerable on the re-

maining counts and eligible to exercise his privilege. (In fact, the government's motion to dismiss counts 1, 2, 4, 5 and 6 as to Mr. Miller was made at the time defendant was sentenced on the jury verdicts). Count 1 of the indictment is a conspiracy charge relating to the overt acts charged in the other 5 counts. It is inconceivable that testimony by Mr. Miller on count 3 could be given without implicating him on count 1 to which he was then still vulnerable. It follows that Mr. Miller was entitled to assert his privilege had he been called to the stand by defendant.

■ The rule is well established that the government may not call a witness knowing that the witness will refuse to testify. The essence of the defendant's argument in distinguishing the rule is that a defendant, unlike the government, has the constitutional right to call witnesses in his behalf and that this right includes the right to place a witness on the stand who, in the presence of the jury, refuses to testify, thereby permitting the jury to infer the culpability of the witness.[1]

■ The Sixth Amendment right to call a witness must be considered in the light of its purpose, namely, to produce testimony for the defendant. Washington v. Texas, *supra.* Calling a witness who will refuse to testify does not fulfill the purpose and the ruling of the trial court was mandated under *Beye.* Defendant asserts that *Beye* and *Bowles* are distinguishable, but devotes his argument only to the support of the dissenting opinions in those cases. We find no meaningful difference between *Beye* and this case.

We have examined defendant's remaining assignments of error and find no merit therein.

Affirmed.

---

1. We note parenthetically that defendant did not request an instruction to the effect that the co-defendant was unavailable as a witness and that no inference should be drawn from his failure to testify. See Federal Jury Practice and Instructions, Devitt & Blackmar, § 11.33; Wagner v. United States, 264 F.2d 524 (9th Cir. 1959).