355 So.2d 94 (1978)
Tommie Lee STEWART
v.
STATE of Mississippi.
No. 50200.
Supreme Court of Mississippi.
February 15, 1978.
Robert W. Graves, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Scherry J. LeSieur, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from a conviction of assault on a police officer while acting within the scope of his duty and office returned after a jury trial in the Circuit Court of the First Judicial District of Hinds County, Mississippi. As a result of this conviction, appellant's previous suspended sentence of fifteen years for manslaughter was revoked and appellant was sentenced to an additional five years in the Mississippi Department of Corrections which sentence was to run consecutive to the fifteen year sentence.
Appellant first assigns as error the trial court's refusal to allow Bert Brown to be called to the witness stand and to directly examine him before the jury, even though the court knew that Brown would refuse to answer most of the questions on grounds of self-incrimination. The testimony showed that Bert Brown initiated the altercation with Officer Jerry Young. Appellant argued to the jury that his involvement in the fracas was limited to an attempt by him to pull Bert Brown off Officer Young.
Brown was actually subpoenaed by appellant and called as a witness for him. Since it was obvious from the prior testimony of Officer Young and another witness that *95 Brown might incriminate himself if he testified, and because Brown was not represented by counsel at this time, the trial judge appointed an attorney to represent Brown during his testimony. The district attorney, aware of this situation, asked that the jury be excused during the examination of Brown, with which request the trial judge complied.
During direct examination, Brown refused to answer most of the questions of appellant's attorney on the grounds of self-incrimination. The district attorney had no cross-examination. Appellant's attorney then offered to put Brown on the stand as a witness for appellant in the presence of the jury.
The problem presented here has never been directly considered in Mississippi, although the States cites Hutchins v. State, 212 Miss. 145, 54 So.2d 210 (1951) and Musselwhite v. State, 212 Miss. 526, 54 So.2d 911 (1951). However, as appellant correctly notes these cases are distinguishable from the case at bar. There seems to be a split of authority over the precise question with which we are faced. Appellant cites United States v. Shuford, 454 F.2d 772 (4th Cir.1971); Smiloff v. State, 439 P.2d 772 (Alaska 1968); People v. Hannon, 50 Misc.2d 297, 270 N.Y.S.2d 327 (1962); State v. Gambino, 221 La. 1039, 61 So.2d 732 (1952). See also People v. Wells, 272 N.Y. 215, 5 N.E.2d 206 (1936); State v. Hall, 59 S.D. 98, 238 N.W. 302 (1931). Cf. Chapa v. State, 164 Tex.Cr. App. 554, 301 S.W.2d 127 (1957).
These cases hold that it is reversible error for a trial court to refuse to allow a witness to be put on by the defense where the witness objects on the basis of the Fifth Amendment. Of course, we have a slightly different case here, where it is the State which is objecting on behalf of the witness; however, the question presented in both situations is the same: namely, should the trial court have allowed the defendant to put the witness on even though it was likely that the witness would refuse to answer most questions on Fifth Amendment grounds?
The underlying rationale for the aforementioned decisions appears to be the right of an accused to compulsory process for obtaining witnesses in his favor. See People v. Wells, supra. However, in United States v. Roberts, 503 F.2d 598 (9th Cir.1974), the Court challenged this reasoning as follows:
The Sixth Amendment right to call a witness must be considered in the light of its purpose, namely, to produce testimony for the defendant. Washington v. Texas, supra. Calling a witness who will refuse to testify does not fulfill the purpose... . (503 F.2d at 600).
See also United States v. Martin, 526 F.2d 485 (10th Cir.1975).
In United States v. Johnson, 488 F.2d 1206 (1st Cir.1973), the Court held that the defendant did not have the right to have a witness called who had previously indicated he would refuse to testify. However, the court of appeals also found it significant that the trial court indicated that it would reconsider whenever defense counsel could show a reasonable likelihood that the witness would or could be compelled to answer some or all questions. In the case at bar, Bert Brown refused to answer only those questions which dealt directly with the affray with Officer Young. Brown also was questioned about how well he knew the defendant and whether he knew the defendant and the defendant's brother to be truthful. Brown did answer this question. His response to this question would have been competent if the question had been properly framed. See Barnes v. State, 249 So.2d 383 (Miss. 1971).
We are aware that allowing Brown to be questioned in the presence of the jury may open the door for defense counsel to attempt to impeach Brown by asking questions he knows Brown will refuse to answer and by inference get inadmissible evidence before the jury. However, we are of the opinion that the potential for a miscarriage of justice is minimal, particularly in view of the fact that the jury can be instructed not to draw any inferences from the witness' assertion of his Fifth Amendment privilege. *96 See United States v. Johnson, supra. See generally, Annot., 24 A.L.R.2d 895 (1952); 98 C.J.S. Witnesses § 455 at 307 (1957). We therefore hold that the trial court's refusal to allow Brown to be called to the stand by appellant and questioned in the presence of the jury, even though it had been demonstrated that he would refuse to answer most of the questions propounded to him on the grounds that the answers would tend to incriminate him, was reversible error.
Appellant next assigns as error the trial court's refusal to instruct the jury as follows:
The Court instructs the jury for TOMMIE LEE STEWART that you are the sole judges of the weight, worth and credibility of the testimony of each and every witness who has testified in this case, and that if a policeman or other law enforcement officer has testified against TOMMIE LEE STEWART, then you are not to give his testimony any added weight merely because he is a law enforcement officer.
Appellant argues that the instant case is different from the usual criminal case in that the complaining witness was also a police officer. He asserts that we live in a jurisdiction where citizens still respect and trust our law enforcement officials. Their testimony, according to appellant carries a great deal of weight in a criminal trial when they are witnesses. But in a case of this nature, in which the complaining witness is a policeman, there is the danger that the jury may not consider any testimony after they hear that of the policeman, merely because he is a policeman. Therefore, appellant concludes that the foregoing instruction was necessary to set things in perspective for the jury, and to refuse it was reversible error. Appellant cites Bush v. United States, 126 U.S.App.D.C. 174, 375 F.2d 602 (1967), wherein the Court stated that an instruction similar to the one quoted above was fair.
However, as the State notes in its brief, Mississippi Code Annotated section 99-17-35 (1972) provides, in part, that: "The judge in any criminal cause, shall not sum up or comment on the testimony, or charge the jury as to the weight of evidence... ." It is clear that the requested instruction by its very terms constitutes a comment upon the weight of certain evidence, namely that given by the law enforcement officers who testified. Accordingly, the requested instruction was properly refused. It should be noted here that appellant has not cited nor have we found in our own research any case in which the refusal to give such an instruction was held to be error. On the contrary, in the only cases in which the refusal to give this particular instruction was alleged to be error, it has been held not to be such. See People v. Uselding, 39 Ill. App.3d 677, 350 N.E.2d 283 (1976); People v. Roche, 68 Cal. App.2d 665, 157 P.2d 440 (1945).
Appellant's next assignment of error deals with the trial court's refusal to grant appellant's requested instructions 4 and 8. Instruction no. 4 can be dealt with summarily by reference to Carr v. State, 192 Miss. 152, 4 So.2d 887 (1941), wherein a similar instruction was condemned by this Court.
The trial court's refusal to grant appellant's requested instruction no. 8 on the presumption of innocence is more troublesome. This instruction reads, in part, as follows:
The Court instructs the jury for TOMMIE LEE STEWART that the ... fact that TOMMIE LEE STEWART has been indicted creates no presumption of guilt against him, and the law presumes [him] ... to be innocent until his guilt is proven beyond every reasonable doubt. .. .
The vice of the instruction which was condemned in Carr v. State, supra, was that it charged the jury that the presumption of innocence enters the trial with the defendant and remains alive throughout the trial. However, the Court also used the following language in Carr:
The force of the "presumption" as a valuable right available to the defendant is not conserved by tolerating its expression in the fantastic phrases accepted as appropriate adjuncts to trial eloquence, *97 whence, indeed, its bombast was borrowed. Bradner, Evidence, section 460; Thayer, op. cit. supra, p. 553. Only its existence and its legal effect upon the burden of proof should be stated by the trial court, whose tongue should not be borrowed for those vagaries in which counsel remain free to indulge. (192 Miss. at 157, 4 So.2d at 888-89).
The State argues that under the Carr rationale, the chief and original function of the so-called presumption of innocence is to place upon the State the burden of proving the defendant guilty beyond a reasonable doubt. The State submits that this function was amply served by instruction no. 1[1] given by the trial court which told the jury that the burden of proof was on the State and never shifted to the defendant.
However, we disagree with the State's argument. At the conclusion of the opinion in Carr, the Court stated that the "... existence [of the presumption] and its legal effect upon the burden of proof should be stated by the trial court... ." (192 Miss. at 157, 4 So.2d at 889). Clearly instruction no. 1 contains nothing concerning the presumption of innocence; and this was error for "... an instruction as to reasonable doubt will not supply the place of an instruction as to presumption of innocence, when the latter is requested." Gentry v. State, 108 Miss. 505, 508, 66 So. 982, 983 (1914).
Finally, appellant contends that the jury's verdict was against the overwhelming weight of the evidence. We disagree.
The testimony in this case was sharply conflicting and presented a classic jury question. There was ample evidence which, if believed by the jury, would have justified the verdict. However, since this case will have to be remanded for a new trial, it is not necessary for us to detail the facts here.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] "The Court instructs the Jury that in this case, the law does not require of TOMMIE LEE STEWART, that he prove himself innocent, but the law imposes upon the State the burden of proving beyond a reasonable doubt ... every material allegation necessary to establish TOMMIE LEE STEWART's guilt, and this burden never shifts to TOMMIE LEE STEWART, and that if the State fails to meet this burden, then you must find TOMMIE LEE STEWART `Not Guilty'."