490 So.2d 858 (1986)
Mervin Lamar HALL
v.
STATE of Mississippi.
No. 55567.
Supreme Court of Mississippi.
May 28, 1986.
Thomas D. McDonough, New Albany, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and ANDERSON, JJ.
PATTERSON, Chief Justice, for the Court:
Mervin Lamar Hall was convicted in the Circuit Court of Union County of armed robbery and sentenced to twenty five years imprisonment. We reverse because of the trial court's failure to permit Hall to question an accomplice in the presence of the jury despite the accomplice's refusal to answer most of the questions on grounds of self-incrimination.
On May 11, 1983, an armed robbery occurred at the Eastgate Pharmacy in New Albany, Mississippi. The two employees at the pharmacy were in the presence of the robber for several minutes while he obtained *859 some narcotics. Both identified Hall as being the robber in a lineup at the police station within hours of the robbery.
The circumstances surrounding Hall's arrest are immaterial to the disposition of this cause; however, the police obtained information of the whereabouts of incriminating physical evidence from a female companion traveling with Hall at the time of the arrest. Pursuant to a discovery motion requesting "any and all other evidence in the possession of the State of Mississippi, favorable or unfavorable to the defendant, including material relevant either to guilt or to the punishment of the defendant," the State produced a sealed plastic bag containing two guns, a shirt, and two bottles of narcotics. During a pretrial hearing on Hall's motion to suppress physical evidence, testimony from the arresting police officers indicated that Hall appeared to have recently shaven his upper lip and shaving equipment had been recovered by the State from the automobile Hall was driving when he was arrested. This information was material in that both eyewitnesses to the robbery described the perpetrator as having a mustache.
We first refer to the question of whether the state violated the discovery rules by failing to disclose the shaving equipment found in Hall's automobile. Although this evidence was not introduced at the trial, the state questioned witnesses who testified in detail about the evidence. We are of the opinion there was a violation of Rule 4.06 of the Uniform Circuit Court Criminal Rules because the evidence had the potential of being very important to the proper decision of this case by the jury. However, defense counsel did not avail himself to the procedures outlined in the special concurring opinion in Box v. State to protect his position. Box v. State, 437 So.2d 19 (Miss. 1983).
Although we do not reverse on this point, it is hoped by this Court that this prohibited conduct will not re-occur.
At the trial Hall called as a witness Arnold Jones, who was charged as an accessory in this cause. The court allowed Hall's attorney to question Jones outside the presence of the jury. Although Jones refused to answer any questions that concerned the robbery or events on the day of the robbery, he did answer questions pertaining to the description of another man, Wayne Lampkin, involved in the robbery. It was Hall's theory throughout the case that Lampkin was the perpetrator of the crime. The court held the testimony about Wayne Lampkin was irrelevant, and refused to permit Jones to either answer questions or claim his right to remain silent in the presence of the jury.
The right of a defendant to call a witness when it is known that the witness would claim the Fifth Amendment right to refuse to answer questions has been previously addressed by this Court. In Stewart v. State, 355 So.2d 94 (Miss. 1978), we held it was reversible error to refuse to permit the defendant to call a witness to the stand and question him in the presence of the jury even though it had been demonstrated that the witness would refuse to answer most of the questions on grounds of self-incrimination. See also, Coleman v. State, 388 So.2d 157 (Miss. 1980). We are of the opinion Jones' testimony describing the appearance and characteristics of Wayne Lampkin was relevant to the determination of who committed the robbery. Jones should have been permitted to testify in the presence of the jury and either answer those relevant questions or claim his Fifth Amendment rights.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.